RECEIVED
JUN - 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 96-60031-008 |
| VERSUS | JUDGE DOHERTY |
| ISAAC JEROME HAYES | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is Mr. Hayes' Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2255. After a considerable amount of briefing by the parties, as well as detailed and close consideration of the Petition, the arguments, the applicable law, and the issues presented, this Court finds that the Revised Report and Recommendation issued by Magistrate Judge Hill on January 24, 2006, is thorough, well-analyzed, and well-founded. This Court will deny the Petition for the reasons contained in the Revised Report and Recommendation, as supplemented with the additional reasons, which, in addition, address Hayes' objections made to the Report and Recommendation, which follow.

The Revised Report and Recommendation sets forth the facts, procedural history, applicable standards, and analysis that apply to Mr. Hayes' Petition, and this Court adopts the Revised Report and Recommendation it in its entirety. Mr. Hayes has made various objections to the Revised Report and Recommendation, however, and the reasons presented herein are directed to those objections.

It is beyond question that the process of determining the constitutionality of criminal convictions and sentences, particularly in the context of a *habeas* petition, is very complicated. Unlike many other areas of the law, constitutional criminal procedure calls for an analysis in which a small detail, an unacknowledged fact, can change the outcome. In an analysis that calls for close

and precise examination of procedure, purposes, rulings, and holdings, Mr. Hayes' arguments take a form more akin to brickbats and sledge hammers than the fine instruments needed for such a task. Unfortunately, his briefing contains descriptions that come perilously close to misrepresentation[1] and generalizations that border on the disingenuous.[2] More importantly, he has conflated two questions which are entirely separate, an approach which has the potential to be significantly misleading. While it might be possible to address Mr. Hayes' objections individually and separately, this Court believes that a focus on correcting the analysis will be more helpful to those wishing to understand its ruling.

Due to the procedural posture in which he finds himself – his Judgment of Conviction is final and he now seeks to raise two issues for the first time in his *habeas* petition – Mr. Hayes' challenge is directed to the effectiveness of the legal assistance he received on appeal after his conviction. The analysis and standards that apply to Mr. Hayes' Petition, including his entitlement to the effective assistance of counsel, are fully described in the Revised Report and Recommendation. The applicable law is clear: there can be no ineffective assistance of counsel unless counsel's performance was deficient in some respect. Therefore, if Mr. Hayes is to receive any relief, he must

---

[1] For instance, Mr. Hayes' briefing contains statements that are demonstrably not true: "the magistrate contends '50 kilograms' really meant '50 grams'"; "the magistrate found no Fifth Circuit case law support [*sic*] one argument or the other." Objections to the Magistrate's Revised Report and Recommendation [Doc. 973], at 5, 6. Although hyperbole can play a vital role in making an important point in argument – particularly in the criminal context, where the defendant's freedom is at stake – counsel is advised that such hyperbole should not be susceptible to being confused for a misrepresentation of fact.

[2] "An indictment that *secretly fluctuates in meaning*, the type of indictment that the magistrate suggests is at work in this case, does not pass Constitutional muster." Id. at 4 (emphasis added). "The magistrate fails to cite to any case law, and Hayes submits that absolutely no case law exists to establish, that once drug amount becomes an element, it may vary from the specific amount charged in the indictment." Id. at 6.

demonstrate, at a minimum, that his appeal counsel's performance was deficient. The Fifth Circuit has declared that a failure or refusal to make a frivolous argument does not constitute "deficient performance," United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000), and, moreover, that appeal counsel is not required to raise "every non-frivolous issue on appeal" in order to be found effective. Id. at 348.

Mr. Hayes has identified two appeal issues which he believes should have been more fully briefed to the Fifth Circuit after his conviction: (a) the allegedly unconstitutional constructive amendment, at trial, of the Indictment, and (b) the allegedly unconstitutional enhancement of his sentence for alleged possession of a firearm despite the jury's verdict that he was not guilty of such possession. As to both, Magistrate Judge Hill recommends that the Petition be denied on the basis that the applicable law at the time precluded Mr. Hayes from receiving any relief from the judgment and sentence on the bases he has identified and, therefore, that Mr. Hayes' appeal counsel was not deficient in failing to make additional arguments on those issues.

The issue involving the weapon's possession is simpler and will be addressed first. The Fifth Circuit, in United States v. Buchanan, 70 F.3d 818 (5th Cir. 1996), affirmed that it can be appropriate for a district court, pursuant to the Sentencing Guidelines, to enhance a sentence based upon a finding that a firearm was present during the commission of a crime *even when the jury has found the defendant not guilty of possessing that very same firearm during the very same crime.* Id. at 827-28. This precedent would have rendered an appeal on the issue marginal, at the very best, and, quite possibly, frivolous. In light of this fact, Mr. Hayes' counsel was not deficient in his performance when he failed to include, as Mr. Hayes would have it, "powerful statements of law" urging reversal on a basis that clearly had been rejected by the Fifth Circuit.

Mr. Hayes argues that there were, in addition, strong arguments to be made about the applicability of the then-recent Apprendi v. New Jersey decision to this Court's sentencing of Mr. Hayes, in part, upon the finding that he possessed a firearm – a fact that had not been found by the jury beyond a reasonable doubt and, in fact, that had been rejected by the jury. The problem with this argument is that the Judgment of Conviction against Mr. Hayes was issued in March, 2002. Approximately 18 months earlier, the Fifth Circuit had ruled that:

> Apprendi is "limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines". . . . . we hold that a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt.

United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000). In light of the precedent in Keith, any argument was foreclosed that the use of a firearm to enhance his sentence was a violation of Apprendi unless that enhancement exceeded the statutory maximum. As the applicable statutory maximum to which Mr. Hayes was exposed was life imprisonment, and as the sentence imposed upon Mr. Hayes did not exceed that maximum, the Keith decision declared that there was no violation of Apprendi and Mr. Hayes' appeal counsel was not deficient in failing to argue to the contrary.

Mr. Hayes' argument ignores the precedent discussed herein. However, this Court may not do so. This Court may not re-visit the merits of the issues decided by Buchanan and Keith. Mr. Hayes certainly is free to argue to the Fifth Circuit in favor of a change in the law. However, this Court is bound to evaluate Mr. Hayes' arguments in light of the precedent that existed at the time of Mr. Hayes' appeal, and that precedent clearly precludes a finding that his counsel's performance was deficient as to that issue. In light of Buchanan and Keith, it was not deficient for Mr. Hayes'

appeal counsel to fail to challenge, more aggressively, the propriety of the firearm-based enhancement of his sentence.[3]

The constructive amendment issue presents a slightly more complicated analysis. Due to the breadth of Mr. Hayes' statements and arguments, the first question that must be addressed is whether his conviction (with regard to the sufficiency of the Indictment and its ability to support his conviction) is constitutionally sound.

"The indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." Apprendi v. New Jersey, 530 U.S. 466, 489 n.15, 120 S.Ct. 2348, 2362 n.15 (2000), *quoting* United States v. Reese, 92 U.S. 214, 232-233, 23 L.Ed. 563 (1876). This means that, as a general rule, criminal proceedings are "submitted to a jury after being initiated by an indictment containing 'all the facts and circumstances which constitute the offence, . . . stated with such certainty and precision, that the defendant . . . may be enabled to determine the species of offence [sic] they constitute, in order that he may prepare his defence [sic] accordingly . . . and *that there may be no doubt as to the judgment which should be given*, if the defendant be convicted." 530 U.S. at 478, 120 S.Ct. at 2356 (emphasis in original). Once a proper indictment is issued, the rights enshrined in the United States Constitution "indisputably entitle a criminal defendant to 'a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'" 530 U.S. at 477, 120 S.Ct. 2355-56.

Mr. Hayes was convicted of conspiracy in violation of 21 U.S.C. § 846. At the time the

---

[3] Mr. Hayes argues that Magistrate Judge Hill is wrong in reporting that the issue *was* briefed to the Fifth Circuit by his counsel on appeal. Even assuming that Mr. Hayes were correct on this issue, however – and this Court has absolutely no reason to disagree with Magistrate Judge Hill's conclusion as to the content of the appellate briefing – the futility of presenting the firearm issue on appeal remains the controlling point.

Indictment was issued, the statute provided that: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." In order to sustain its burden of proof, the Government was required to prove, as to the conspiracy, the following elements: "(1) that an agreement existed between two or more persons to violate the applicable narcotics law (*i.e.*, a conspiracy existed), (2) that each alleged conspirator knew of the conspiracy and intended to join it and (3) that each alleged conspirator participated (*i.e.* joined) voluntarily in the conspiracy." United States v. Medina, 161 F.3d 867, 872 (5th Cir. 1998). In this particular case, the offense which was the object of the conspiracy was that defined in 21 U.S.C. § 841(a). "[I]t shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." Specifically, the indictment alleged that Mr. Hayes and others had conspired to possess cocaine base with the intent to distribute it. "To establish possession of cocaine with intent to distribute, the Government must prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed cocaine (3) with intent to distribute it." Medina, 161 F.3d at 873.

The Petition for Writ of *Habeas Corpus* contains no challenge by Mr. Hayes to the sufficiency of the Indictment. It alleged all of the essential elements of the controlled substances conspiracy of which it accused Mr. Hayes. Moreover, the Petition does not contain a challenge as to the sufficiency of the evidence supporting the existence of each and every one of the essential elements identified above. It is, therefore, undisputed that the indictment-related constitutional requirements described in Apprendi were satisfied as to the foregoing elements.

In addition to the aforementioned essential elements, however, there is a separate role for the quantity of drugs involved. The drug statute contains a basic provision, identifying a basic penalty category, that applies to any quantity of controlled substances, no matter how small. 21 U.S.C. § 841(b)(i)(C). If the Government seeks to convict under this provision, and invokes only those basic penalties, it need not mention any specific quantity in the indictment, nor prove any specific amount at trial.

> As had been the practice in this circuit, no specified amount of drugs were charged in the indictment or submitted to the jury in this case. . . . Doggett was charged under § 846 for conspiracy to manufacture a quantity of methamphetamine (Count 1) and under § 841(a)(1) . . . The jury in this case made no finding concerning the quantity of methamphetamine that Doggett manufactured, conspired to manufacture, or aided and abetted in manufacturing. The jury's verdict only represents a finding that he conspired and possessed methamphetamine for these purposes or with the intent to achieve these purposes in violation of § 841(a)(1). Thus, Doggett can only be sentenced using the statutory range contained in § 841(b)(1)(C), which provides a maximum penalty of twenty years for the manufacture of Schedule II controlled substances, such as methamphetamine.

United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000).

By the time Mr. Hayes was tried, however, the Fifth Circuit had concluded that, in any case where the Government seeks to *increase* the penalty category to which a defendant is exposed (*i.e.* to invoke the enhanced statutory penalties where there is an involvement of certain larger quantities of controlled substances), it must prove – as an additional essential element of the crime – that the conspiracy involved at least the minimum required quantity of cocaine base for the sought-after category of penalties.

> [W]e hold that if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(i)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt. To the extent our prior precedent is inconsistent with this holding and *Apprendi*, it is overruled.

Id., at 164-65.

In the case against Mr. Hayes, the Government sought to trigger the highest penalty category – 10 years to life – and, therefore, was required to both allege and to prove that the conspiracy involved, "50 grams or more" of cocaine base, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). Once again, there is no question but that a quantity meeting this basic requirement was included in the Indictment (specifically, the Indictment accused Mr. Hayes of a conspiracy involving *50 kilograms*, of cocaine base, a quantity which unmistakably falls into the category of "50 grams or more"). Also, there has been no challenge to the sufficiency of the Government's proof at trial as to the amount necessary to trigger the higher penalty (*i.e.* the jury's finding that the conspiracy involved "50 grams or more").

Mr. Hayes' challenge is, therefore, not based upon any failure, on the part of the Government, to comply with the *statutory* requirements for a conviction under 28 U.S.C. §§ 846 and 846(b)(1)(A). Mr. Hayes focuses, instead, on a non-essential accusation in the Indictment and the gap between that accusation and the jury's finding at trial. Specifically, Mr. Hayes was indicted for conspiring to possess, with the intent to distribute, in excess of 50 *kilograms* of cocaine base, not merely the "50 grams or more" necessary to trigger the higher penalties in the statute. Mr. Hayes argues that, because the indictment accused him of a conspiracy to possess with intent to distribute 50 *kilograms* of cocaine base, the Government was required to prove that quantity was involved and that, failing such proof, he could not be convicted of conspiracy under this Indictment. "Proof that Hayes was responsible for 48 kilograms of cocaine base should have resulted in an acquittal. Had the government meant to allege that Hayes was responsible for any amount over 50 grams, it should

have charged Hayes with that crime."[4]

On the verdict form, the jury was not asked to determine, beyond a reasonable doubt, whether the conspiracy encompassed the 50 kilograms mentioned in the indictment. Instead, the jury was asked to find only whether the conspiracy had involved the "50 grams or more" necessary to trigger the maximum category of penalties in 21 U.S.C. § 841(b). Clearly, there was a discrepancy between the grand jury's accusation (*i.e.* that more than 50 *kilograms* was involved) and the jury's finding (*i.e.* that "50 grams or more" was involved).[5] This Court agrees with Mr. Hayes that including a second sub-part under Question 1 on the verdict form asking the jury to make a finding as to whether or not the conspiracy had involved more than *50 kilograms*, as alleged in the indictment, would have erased the gap between the indictment and the verdict form. However, the question is whether this gap has any legal or constitutional significance. Mr. Hayes argues that, by including the larger quantity, the Government made the "50 kilograms" quantity an essential element of the crime of which he was accused in Count 1; that no finding was made by the jury as to the 50 kilograms; that, as a result, his conviction under Count 1 was unconstitutional; and that his appeal counsel was deficient in failing to argue the unconstitutionality of his conviction to the Fifth Circuit. If the

---

[4] Objections to the Magistrate's Revised Report and Recommendation [Doc. 973], at 3.

[5] A discrepancy does not *necessarily* mean an inconsistency, however, as Magistrate Judge Hill noted in his Revised Report and Recommendation. The jury found that "50 grams or more" were involved in the conspiracy, and that category clearly includes the "50 kilograms or more" alleged in the Indictment. Mr. Hayes assumes that the jury's finding is inconsistent with the Indictment, however, and it *would* be inconsistent if the jury concluded that the Government had proved "50 grams or more" required by the statute, but less than the "50 kilograms or more" alleged in the Indictment. This Court will join in Mr. Hayes' assumption, solely for purposes of the current analysis, but notes that no basis has been shown for actually finding that the jury rejected *any* of the quantity-based evidence against Mr. Hayes.

inclusion of the reference to "50 kilograms" had made that quantity an essential element of the crime, or there was something else unique about the 50-kilogram quantity, Mr. Hayes might be right that an unconstitutional variance (or constructive amendment) had occurred. As the only variance between the Indictment and the jury's finding, was as to the quantity of cocaine base, however, the jurisprudence of the Fifth Circuit and United States Supreme Court forecloses such a conclusion.

As noted above, the importance of the indictment in the criminal justice system cannot be overstated. It is well-established that the scope of the grand jury's allegations – as reflected in the Indictment – limits the scope of the crimes which may be tried. No defendant may be tried for a crime not contained in an indictment, and no one other than the grand jury is permitted to expand the scope of the indictment. As Magistrate Judge Hill ably describes, the jurisprudence recognizes that, notwithstanding these iron-clad rules, however, there will be circumstances where the indictment and the trial are not as closely linked as might be preferred. In addressing these circumstances, the courts have recognized that not all variances between the contents of an indictment and the proof offered at trial are equal. There are differences among such types of variances and they will be treated differently in accordance with their nature. The primary difference which has relevance to Mr. Hayes' petition is that between a variance which *broadens* the scope of the indictment and that which *narrows* it.

In United States v. Miller, 471 U.S. 130, 105 S.Ct. 1811 (1985), the United States Supreme Court held that a variance between an indictment and the proof offered at trial is permissible if the theory of conviction is more narrow than that alleged within the indictment. Mr. Miller had been indicted for various allegedly fraudulent acts associated with a burglary at his place of business, including consenting to the burglary and lying to his insurer about the value of his loss. 471 U.S.

at 131-32, 105 S.Ct. at 1813. At trial, the prosecution submitted evidence only as to the latter alleged fraud and submitted no proof whatsoever as to the theory that he had consented to the burglary. 471 U.S. at 132, 105 S.Ct. at 1813. While the proof clearly supported the jury's finding that Mr. Miller was guilty of the one act which was both alleged in the indictment and litigated at trial, Mr. Miller nonetheless complained "not that the indictment failed to charge the offense for which he was convicted, but that the indictment charged more than was necessary" and, thus, that *the Government was required to prove all that had been alleged.* 471 U.S. at 140, 105 S.Ct. at 1817. The Court rejected that argument, ruling that "[a]s long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." 471 U.S. at 136, 105 S.Ct. at 1815.

In rejecting Mr. Miller's challenge, the Supreme Court acknowledged the distinction between an amendment of the indictment which *broadens* its scope and one which *narrows* its scope, and discussed that distinction at length. 471 U.S. at 142, 105 S.Ct. at 1818. Having acknowledged the differences between those two circumstances, the Court clarified that, while no one other than the grand jury is permitted to expand upon the scope of an indictment, there is no prohibition against a narrowing of the indictment, by various means, at trial.

> Modern criminal law has generally accepted that an indictment will support each offense contained within it. To the extent that [*Ex parte* Bain, 121 U.S. 1, 7 S.Ct. 781 (1887)] stands for the proposition that it constitutes an unconstitutional amendment to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it, that case has simply not survived. To avoid further confusion, we now explicitly reject that proposition, although .... we do not limit Bain's more general proposition concerning the impermissibility of actual additions to the offenses alleged in an indictment, a proposition we have repeatedly reaffirmed.

-11-

> An indictment is amended when it is so altered as to charge a different offense from that found by the grand jury. But here there was no alteration of the indictment, nor did the court's action, in effect, add anything to it by submitting to the jury matters which it did not charge. . . . [W]here an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment. Were the rule otherwise, the common practice of withdrawing from the jury's consideration one count of an indictment while submitting others for its verdict . . . would be a fatal error.

471 U.S. at 144-45, 105 S.Ct. at 1819-20 (citations omitted). In light of Miller, it is clear that the Government has the right to present to a jury for consideration only the evidence necessary to prove the essential elements of the crime charged; the mere inclusion of additional theories of liability does not create an obligation on the part of the Government to prove all such theories despite the fact that they are unnecessary to the crime of which the defendant was accused.[6]

These principles having been established with regard to extraneous theories of liability, the question then becomes whether they apply in the context of an indictment which references a much larger quantity of controlled substances than is *necessary* for conviction. The Fifth Circuit's decision in United States v. Arnold, 416 F.3d 349 (5th Cir. 2005), provides clear support for the conclusion that those same principles do apply in such circumstances. In Arnold, the indictment accused the

---

[6] It is important to remember that the discussion of these issues arises in the context of a variance *only* as to the quantity of drugs involved in the conspiracy, and *not* to any change between the conspiracy alleged and that proven at trial. Had the Government's proof demonstrated that a controlled substance other than cocaine base was involved, or that the conspirators were other than those named in the Indictment, or that the conspiracy was directed at another purpose altogether, or any of a myriad other possible *shifts in the scope* of the Indictment, the discussion here – and this Court's conclusions – might be very different. But the variance at trial simply limited the original, extremely large, scope of the alleged conspiracy, to a smaller subset of the original conspiracy, which was encompassed within the original conspiracy and, therefore, which clearly constituted a lesser-included offense. Under these circumstances, Mr. Hayes has not been convicted of an offense with which he was not charged, as he suggests so vehemently. *See* Objections, at 2.

defendant of a narcotics distribution conspiracy, in violation of 21 U.S.C. § 846 – the same statute under which Mr. Hayes was convicted – involving 500 grams or more of methamphetamine. Id. at 352. Rather than asking the jury to place the size of the conspiracy into a particular category, the jury was asked to identify the specific quantity of drugs it found was involved in the conspiracy. Id. at 355-56. In response to this request, the jury found that the conspiracy involved 456.88 grams of methamphetamine (less than the 500 grams alleged in the indictment). Id. at 354.

While the specific issue presented on appeal in Arnold was not the same one raised here (there, the Court was asked to evaluate the district court's failure to give "lesser-included offense" jury instructions), it is clear that the discrepancy between the quantity alleged in the indictment and the quantity found by the jury did not give the Court even the slightest pause.

> [T]he government concedes that Arnold was *eligible* to be convicted of a lesser-included offense *(for, after all, he was found to be convicted on a lesser-included offense than that for which he was indicted)*. . . . The lesser-included offenses for which Arnold claims eligibility involve lower amounts of drugs attributable to the scope of the conspiracy, and that was adequately addressed by the special interrogatory that asked the jury to indicate the total amount of drugs it believed were shown, beyond a reasonable doubt, to be within the scope of the conspiracy. This approach – using a special interrogatory to determine drug quantity – is endorsed in the note to Fifth Circuit Pattern Instruction § 2.89 and we find its use appropriate.

Id. at 355-56 (emphasis added). Thus, the Fifth Circuit applied the Miller principle – which it calls the "lesser-included offense" doctrine rather than a constructive amendment of the indictment, or a variance between the Indictment and the proof at trial – in the context of a discrepancy between the quantity alleged in the Indictment and the lesser quantity proved at trial. Moreover, the application of the Miller principle to the context of a variance to a lower-quantity was so unexceptional that the Court simply declared that it was appropriate, and did so without citation, without question, and apparently without feeling the need for any justification for its statement. This

Court finds the Arnold decision very instructive as to the Fifth Circuit's approach to the breadth and applicability of the Miller principle in facts similar to those presented by Mr. Hayes herein.

While Arnold was decided long after Mr. Hayes' original appeal was completed, it is quite clear that the principles which led the Fifth Circuit to uphold Mr. Arnold's conviction on a smaller quantity of drugs than that alleged in the Indictment have been well established since 1985, when the Miller decision was issued, and had been accepted by the Fifth Circuit by 2001. The jury instruction approved in Arnold contains notes clarifying that the quantity which must be proven in order to sustain a conviction under the enhanced penalties provision is the *minimum necessary to trigger the punishment category the Government seeks*. "Generally, the exact quantity of the controlled substance need not be determined so long as the jury establishes a quantity at or above a given baseline amount in the appropriate subsection of § 841(b)." Fifth Circuit Pattern Jury Instructions: Criminal (2001 West), § 2.89 (Note), at 262.

In view of Miller and Instruction § 2.89, this Court finds that it is quite reasonable to believe that Mr. Hayes' appeal counsel was as familiar with this fundamental premise as is the Fifth Circuit and that his decision not to suggest there had been an unconstitutional variance was prompted by this understanding. Mr. Hayes has not demonstrated any basis for concluding otherwise.[7]

In conclusion, as to the issue regarding the alleged constructive amendment of the indictment,

---

[7] Mr. Hayes has not addressed the role of the doctrine of lesser-included offenses in this case. Instead, he simply dismisses the doctrine's applicability "because no lesser included instructions were submitted in his case." Objections, at 7. Mr. Hayes ignores the insight available in the Arnold decision, as discussed above, however. Since 2001 (or before), in the Fifth Circuit, the potential for indictment on a lesser-included charge of involving a smaller quantity of drugs than that alleged in an Indictment, is expressed in jury interrogatories – giving the jury an opportunity to declare the quantity it finds was involved – irrespective of whether separate instructions about the concept are given.

this Court finds, as Magistrate Judge Hill recommends, that the record is bereft of any basis for finding that the performance of Mr. Hayes' appeal counsel was deficient in failing to argue that his conviction was based on an unconstitutional variance between the Indictment and the proof at trial.

For the foregoing reasons and for the reasons more fully set forth by Magistrate Judge Hill in his Revised Report and Recommendation, this Court finds that Mr. Hayes has not demonstrated that the performance of his appeal counsel was deficient so as to trigger a finding of ineffective assistance of counsel in violation of the Sixth Amendment and, therefore, that he has not demonstrated actual prejudice resulting from such error so as to permit him to assert these issues for the first time on collateral review. The Petition will be DENIED and DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers, this ___6___ day of June, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE